United States District Court
Northern District of California

READIFY, Pty Ltd., an Australian Corporation,

    Plaintiff,

    v.

READIFYBLOG, an individual,

    Defendant.

Case No.: CV 12-05357 KAW

ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO ENGAGE IN LIMITED THIRD PARTY EXPEDITED DISCOVERY

## I. BACKGROUND

Plaintiff Readify, Pty Ltd., an Australian corporation, filed this action on October 17, 2012 asserting claims for defamation and tortious interference with prospective economic advantage. (*See* Compl., Dkt. No. 1., ¶ 4)

The Court is believed to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) over the parties, as Plaintiff is a foreign corporation. (*Id.* at ¶ 9.) Venue is proper as the blog hosting service Automattic, Inc. (d/b/a Wordpress.com) is located within the Northern District of California. (*Id.* at ¶ 8.)

Plaintiff alleges that Defendant "Readifyblog" is a blog (previously located at *www.readifyblog.wordpress.com*) being operated by an unknown individual who is using the website to damage Plaintiff's reputation. (Compl., ¶¶ 13-17.) On October 30, 2012, Plaintiff filed an *ex parte* application for permission to take limited, expedited third party discovery in order to obtain the subscriber contact information of the individual who signed up for the "Readifyblog" Wordpress.com[1] user account. (*Ex parte* Appl., Dkt. No. 5.) Plaintiff requests that the Court allow it to serve a subpoena on Automattic, Inc., to obtain "Readifyblog's "subscriber

---

[1] Not to be confused with Wordpress.org, which is not involved in this litigation.

information, so that it can complete service of process and substitute the name of the individual subscriber for user "Readifyblog." (*Id.* at 2.)

As discussed below, Plaintiff's *ex parte* application fails to demonstrate that good cause exists to permit Plaintiff to engage in this preliminary discovery. Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiff's application for the reasons outlined below.

## II. DISCUSSION

### A. Legal Standard

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d); Civil L.R. 7-10 (2012). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identity of a defendant is unknown before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that the action can withstand a motion to dismiss, and (4) has proved that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. v. seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### B. Plaintiff has Not Shown Good Cause to Permit Early Discovery

Plaintiff has not made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify Defendant "Readifyblog."

///

First, Plaintiff has identified Wordpress.com user "Readifyblog" with sufficient specificity by providing the unique username and URL assigned to him/her on the approximate date and time Plaintiff alleges Defendant engaged in the alleged conduct. (Compl., ¶¶ 13-17.)

Second, Plaintiff failed to adequately describe all possible steps taken to locate and identify Defendant. While there may not be much investigation that can be performed, Plaintiff bears the burden of outlining those steps and the efforts that must be taken to locate and identify Defendant.

Third, Plaintiff has pled the essential elements to state a *prima facie* claim for defamation and tortious interference with prospective economic advantage. (Compl., ¶¶ 18-30.)

Fourth, Plaintiff has failed to demonstrate that the proposed subpoena seeks information likely to lead to the identifying information necessary for it to effect service of process on Defendant.  In fact, neither Plaintiff's application nor proposed order outline the specific account information it is seeking from Automattic, Inc.—i.e. name, email address, mailing address, and phone number—and how that information would be sufficient to ascertain subscriber "Readifyblog's" true identity.  Some "account information" may not be discoverable.  Plaintiff needs to identify exactly what type of information it seeks.

In light of Plaintiff's failure to satisfy each of the four factors above, the Court finds that Plaintiff has failed to show good cause to permit early discovery to obtain the subscriber information for Wordpress.com user "Readifyblog."  The Court is willing, however, to entertain a subsequent *ex parte* application should Plaintiff correct the deficiencies contained in its original application.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES WITHOUT PREJUDICE Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery.

IT IS SO ORDERED.

DATE: November 29, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge

3