Frederick K. Taylor (Bar No. 159838)
PROCOPIO, CORY, HARGREAVES &
 SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone: 619.238.1900
Facsimile: 619.235.0398

Attorney for Plaintiff,
Readify Pty Ltd.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| READIFY, Pty Ltd., an Australian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>READIFYBLOG, an individual;<br><br>Defendant. | Case No.: 4:12cv05357 KAW<br><br>PLAINTIFF'S *EX PARTE* APPLICATION FOR LEAVE TO ENGAGE IN *EX PARTE* LIMITED DISCOVERY<br><br>Date:   December 24, 2012<br>Time:   11:00 a.m.<br>Dept:   4<br>Judge:  Hon. Kandis A. Westmore |
|---|---|

  Plaintiff, Readify, Pty Ltd., by and through his undersigned counsel, and pursuant to Federal Rules of Civil Procedure, Rule 26(d)(1), seeks leave of Court to engage in *ex parte* limited discovery to establish the true identity of the Defendant, and for grounds in support thereof states:

  1. Federal Rules of Civil Procedure, Rule 26(d)(1) states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The Defendant in this action is presently known <u>only</u> by his or her internet *nom de plume* and hence Plaintiff can <u>not</u> (i) serve and thereby subsequently (ii) confer as required by Rule 26.

2. Plaintiff has taken all possible steps to locate and identify Defendant to no avail, including:

   a. Searching the Defendant's Internet blog for information that may identify or help identify Defendant;

   b. Searching other Internet blogs and websites to which Defendant's Internet blog provides hyperlinks, for information that may identify Defendant or provide contact information;

   c. Searching social media websites referred to in Defendant's Internet blog and other online search engines for the pseudonym used in the blog;

   d. Searching Plaintiff's own records for current, prior, or prospective employees or customers with names that may related to Defendant's pseudonym.

3. Defendant Readifyblog's personal information is known by the Internet site that registered the Defendant to permit him or her to post comments on that site. In particular, Defendant Readifyblog maintained an Internet blogging account with Automattic, Inc. (doing business as "WordPress.com"), which contains the Defendant's personal information.

4. Plaintiff seeks to obtain Defendant Readifyblog's account information maintained by Automattic, Inc. to establish the true and real identity of the Defendant. Specifically, the account information that Plaintiff seeks includes the e-mail address and Internet Protocol ("IP") address that Defendant used to create an account with Automattic, Inc. Plaintiff also seeks any optional account information that Defendant may have provided to Automattic, Inc., limited to his or her real name, telephone number, physical address, and/or general location.

5. Even if Defendant did not provide his or her real name, physical address, or general location to Automattic, Inc., Plaintiff would be able to ascertain the Defendant's true/real identity and physical location from Defendant's email

service provider or Internet service provider – merely by obtaining the Defendant's email and IP addresses from Automattic, Inc.

6. Given the constraints imposed upon Automattic, Inc. by the *Electronic Communications Privacy Act of 1986*, 18 U.S.C. §2701 *et seq.*, however, those entities may not release the above-mentioned account information of the Defendant to Plaintiff absent a judicial subpoena.

7. Accordingly, for the sole purpose of ultimately establishing the identity of the Defendant so that Plaintiff may (i) amend the complaint to add the Defendant's real name and address and (ii) thereafter be able to affect service, Plaintiff seeks leave to serve Subpoenas *Duces Tecum* Without Deposition on Automattic, Inc., solely for the account information of the Defendant maintained by that entity. Plaintiff provides, as Exhibit 1 to this Ex Parte Application, a copy of the subpoena intended to be served upon Automattic, Inc. for the purpose of discovering Defendant's identity or contact information.

8. Absent leave to do so, Plaintiff will not be able to identify this Defendant and pursue its claims for defamation and interference with prospective economic advantage for its lack of ability to identify and serve the Defendant.

9. Plaintiff will provide copies of all information received pursuant to such subpoenas on Defendants when they make an appearance in this matter.

WHEREFORE, Plaintiff requests leave to issue Subpoena *Duces Tecum* Without Deposition on Automattic, Inc. for the account information of the Defendant.

DATED:   December 24, 2012         PROCOPIO, CORY, HARGREAVES & SAVITCH LLP


By: /s/ Frederick K. Taylor
    Frederick K. Taylor
    Attorneys for Plaintiff,
    Readify, Pty Ltd., an Australian Corporation