United States District Court
Northern District of California

| | |
|---|---|
| READIFY, Pty Ltd., and Australian Corporation,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>READIFYBLOG, an individual,<br><br>　　　　　　Defendant. | Case No.: CV 12-05357 KAW<br><br>ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO ENGAGE IN LIMITED THIRD PARTY EXPEDITED DISCOVERY |

## I.　BACKGROUND

Plaintiff Readify, Pty Ltd., an Australian corporation, filed this action on October 17, 2012 asserting claims for defamation and tortious interference with prospective economic advantage. (*See* Compl., Dkt. No. 1., ¶ 4)

The Court is believed to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) over the parties, as Plaintiff is a foreign corporation. (*Id.* at ¶ 9.) Venue is proper as the blog hosting service Automattic, Inc. (d/b/a Wordpress.com) is located within the Northern District of California. (*Id.* at ¶ 8.)

Plaintiff alleges that Defendant "Readifyblog" is a blog (previously located at *www.readifyblog.wordpress.com*) being operated by an unknown individual who used the website to damage Plaintiff's reputation. (Compl., ¶¶ 13-17.) On October 30, 2012, Plaintiff filed an *ex parte* application for permission to take limited, expedited third party discovery in order to obtain the contact information of the individual who signed up for the "Readifyblog" Wordpress.com[1] user account. (*Ex parte* Appl., Dkt. No. 5.) The Court denied that application without prejudice for failure to provide sufficient facts to support a finding of good cause. (Dkt. No. 7.) On

---

[1] Not to be confused with Wordpress.org, which is not involved in this litigation.

December 24, 2012, Plaintiff submitted a second *ex parte* application for leave to engage in limited discovery requesting that the Court allow it to serve a subpoena on Automattic, Inc., to obtain "Readifyblog's" user information, so that it can complete service of process and substitute the name of the individual for user "Readifyblog." (Dkt. No. 8.)

As discussed below, Plaintiff has now demonstrated that: (1) the Doe defendant is a real person who may be generally sued in federal court; (2) it has attempted unsuccessfully to identify the Doe defendant prior to filing this motion; (3) its defamation claims against Doe could survive a motion to dismiss; and (4) there is a reasonable likelihood the service of the proposed subpoena on Automattic, Inc. would lead to information identifying Doe. The Court therefore finds that good cause exists to allow Plaintiff to engage in this preliminary discovery. Accordingly, the Court GRANTS Plaintiff's motion as specifically stated below.

## II. DISCUSSION

### A. Legal Standard

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d); Civil L.R. 7-10 (2012). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identity of a defendant is unknown before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that the action can withstand a motion to dismiss, and

(4) has proved that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. v. seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### B. **Plaintiff has Shown Good Cause to Permit Early Discovery**

Plaintiff has made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify Defendant "Readifyblog."

First, Plaintiff has identified Wordpress.com user "Readifyblog" with sufficient specificity by providing the unique username and URL assigned to him/her on the approximate date Plaintiff alleges Defendant engaged in the alleged conduct. (Compl., ¶¶ 13-17.)

Second, and unlike its first application, Plaintiff has adequately described the steps taken to locate and identify Defendant, which proved unsuccessful. (*Ex Parte* App., Dkt. No. 8, ¶ 2.) There simply is not much investigation that can be performed to identify an otherwise anonymous blog user.

Third, Plaintiff has pled the essential elements to state a *prima facie* claim for defamation and tortious interference with prospective economic advantage. (Compl., ¶¶ 18-30.)

Fourth, Plaintiff has demonstrated that the proposed subpoena seeks information likely to lead to the identifying information necessary for it to effect service of process on Defendant. Specifically, the proposed subpoena requests that Automattic, Inc. produce information sufficient to identify the user through his/her account information, specifically his/her email address, IP address, and any other optional account information that Defendant may have provided Automattic, including name, telephone number, or address. (*Ex Parte* App., ¶ 4.)

In light of the above, the Court finds good cause to grant Plaintiff leave to conduct early discovery to obtain the registration information for the Wordpress.com user "Readifyblog." Further, the Court finds that permitting Plaintiff to engage in limited, early discovery is consistent with Rule 26(d), as it furthers the interest of justice and poses little, if any, inconvenience to the subpoena recipients.

///

///

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's *Ex Parte* Application for Leave to Take Expedited Discovery as follows:

1. Plaintiff shall immediately serve a Rule 45 subpoena on Automattic, Inc., the blog host of *http://readifyblog.wordpress.com*, including the user's electronic mail (e-mail) address and the IP address that Defendant used at the time the account was created, as well the user's optional identifying information, limited to his/her real name, current (physical) address, telephone number, and general location. The subpoena shall have a copy of this Order attached.

2. Should any entity subpoenaed pursuant to this Order wish to move to quash the subpoena, it must do so within thirty (30) days from the date of service.

3. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

4. Automattic, Inc. will have thirty (30) days from the date of service upon them to serve user Readifyblog with a copy of the subpoena and a copy of this Order. Automattic, Inc. may serve the user using any reasonable means, including e-mail.

5. User Readifyblog shall have thirty (30) days from the date of service upon them to file any motion in this court contesting the subpoena (including motion to quash or modify the subpoena). If that 30-day period lapses without the user contesting the subpoena, Automattic, Inc. shall have ten (10) days to produce the information responsive to the subpoena to Plaintiff.

6. Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of any other issues that may arise concerning compliance with this Court's order.

7. Any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

///

///

///

1  8. Any information disclosed to Plaintiff in response to this Rule 45 subpoena may be
2  used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.
3  IT IS SO ORDERED.

5  DATE: December 28, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge