United States District Court
Northern District of California

READIFY, Pty Ltd., and Australian Corporation,

        Plaintiff,

    v.

READIFYBLOG, an individual,

        Defendant.

Case No.: CV 12-05357 KAW

ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO ENGAGE IN ADDITIONAL LIMITED THIRD PARTY EXPEDITED DISCOVERY

## I. BACKGROUND

Plaintiff Readify, Pty Ltd., an Australian corporation, filed this action on October 17, 2012 asserting claims for defamation and tortious interference with prospective economic advantage. (*See* Compl., Dkt. No. 1., ¶ 4)

The Court is alleged to have subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) over the parties, as Plaintiff is a foreign corporation. (*Id.* at ¶ 9.) Venue is proper as the blog hosting service Automattic, Inc. (d/b/a Wordpress.com) is located within the Northern District of California. (*Id.* at ¶ 8.)

Plaintiff alleges that Defendant "Readifyblog" is a blog (previously located at *www.readifyblog.wordpress.com*) being operated by an unknown individual who used the website to damage Plaintiff's reputation. (Compl., ¶¶ 13-17.) On December 24, 2012, Plaintiff submitted an *ex parte* application for leave to engage in limited discovery requesting that the Court allow it to serve a subpoena on Automattic, Inc., to obtain "Readifyblog's" user information, so that it could complete service of process and substitute the name of the individual for user "Readifyblog." (Dkt. No. 8.) On December 28, 2012, the Court granted that request. (Dkt. No. 9.)

On March 29, 2013, Plaintiff filed an *ex parte* application to engage in additional limited discovery and to continue the case management conference scheduled for April 2, 2013. (Dkt. No.

11.) At the Court's request, Plaintiff filed a separate request to continue the CMC, which was granted. (Dkt. Nos. 12-13.) As a result, Plaintiff's request to continue the CMC in connection with this *ex parte* application is moot.

In the application presently before the Court, Plaintiff seeks identifying information from "Readifyblog's" Hotmail email address ("romeo_au@hotmail.com"), which it obtained by subpoena from Automattic, Inc. in connection with the earlier *ex parte* application. Hotmail is owned and operated by Microsoft, Inc.

As discussed below, Plaintiff has previously demonstrated that: (1) the Doe defendant is a real person who may be generally sued in federal court; (2) it has attempted unsuccessfully to identify the Doe defendant prior to filing this motion; (3) its defamation claims against Doe could survive a motion to dismiss; and (4) there is a reasonable likelihood the service of the proposed subpoena would lead to information identifying Doe. The Court therefore finds that good cause exists to allow Plaintiff to engage in this additional, preliminary discovery. Accordingly, the Court GRANTS Plaintiff's motion as specifically stated below.

## II. DISCUSSION

### A. Legal Standard

A court may authorize early discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interest of justice. Fed. R. Civ. P. 26(d); Civil L.R. 7-10 (2012). Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause" for the early discovery. *See, e.g., IO Group, Inc. v. Does 1-65,* No. C 10-4377 SC, 2010 WL 4055667, at *2 (N.D. Cal. Oct. 15, 2010). When the identity of a defendant is unknown before the complaint is filed, a plaintiff "should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

In evaluating whether a plaintiff establishes good cause for attempting to learn the identity of Doe defendants through early discovery, courts examine whether plaintiff (1) has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real

people who can be sued in federal court, (2) has recounted the steps it has taken to locate and identify the defendant, (3) has demonstrated that the action can withstand a motion to dismiss, and (4) has proved that the discovery is likely to lead to identifying information that will permit service of process. *Columbia Ins. v. seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

### B. **Plaintiff has Shown Good Cause to Permit Early Discovery**

As provided in the earlier order granting Plaintiff's application for *ex parte* limited discovery, Plaintiff has already made a sufficient showing under each of the four factors listed above to establish good cause to permit it to engage in early discovery to identify Defendant "Readifyblog." (*See* Dkt. No. 9.) Since this is simply a request to conduct further discovery related to the identifying email address obtained by the subpoena on Automattic, Inc., the Court incorporates its earlier analysis by reference and will limit its discussion to the fourth factor.

As to the fourth factor, Plaintiff has demonstrated that the proposed subpoena seeks information likely to lead to the identifying information necessary for it to effect service of process on Defendant. Specifically, the proposed subpoena requests the identifying information connected to Defendant's "Hotmail" email account, as Microsoft requires more personal information than Automatic, Inc. at the time of account creation. (*Ex Parte* App., Dkt. No. 11, ¶ 4.) This discovery is likely to lead to identifying information, specifically first and last name, physical address, telephone number, alternate email address, and IP address, and any other account information that Defendant may have provided. (*Id.*, ¶¶ 4-6.)

In light of the above, the Court finds good cause to grant Plaintiff leave to conduct additional limited discovery to obtain the registration information from Microsoft, Inc.'s Hotmail email service for the email account "romeo_au@hotmail.com." Further, the Court finds that permitting Plaintiff to continue to engage in limited, early discovery is consistent with Rule 26(d), as it furthers the interest of justice and poses little, if any, inconvenience to the subpoena recipients.

### III. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's *Ex Parte* Application for Leave to Take Additional Expedited Discovery as follows:

1. Plaintiff shall immediately serve a Rule 45 subpoena on Microsoft, Inc., which owns and operates Hotmail, to provide the account information for the "romeo_au@hotmail.com" email address, including the accountholder's first and last name, alternate email addresses (if any), date of birth, phone number, zip code, and Internet Protocol ("IP") address that Defendant used to create the Hotmail email account. The subpoena shall have a copy of this Order attached.

2. Should any entity subpoenaed pursuant to this Order wish to move to quash the subpoena, it must do so within thirty (30) days from the date of service.

3. The subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

4. Microsoft, Inc./Hotmail will have thirty (30) days from the date of service upon them to serve accountholder "romeo_au@hotmail.com" with a copy of the subpoena and a copy of this Order. Microsoft, Inc./Hotmail may serve the user using any reasonable means, including e-mail.

5. Email accountholder "romeo_au@hotmail.com" shall have thirty (30) days from the date of service upon them to file any motion in this court contesting the subpoena (including motion to quash or modify the subpoena). If that 30-day period lapses without the user contesting the subpoena, Microsoft, Inc./Hotmail shall have ten (10) days to produce the information responsive to the subpoena to Plaintiff.

6. Plaintiff and any entity which receives a subpoena shall confer, if necessary, with respect to the issue of payment for the information requested in the subpoena or for resolution of any other issues that may arise concerning compliance with this Court's order.

7. Any entity which receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such entity.

8. Any information disclosed to Plaintiff in response to this Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

IT IS SO ORDERED.

DATE: April 19, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge